UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA GRIFFIN,

       Plaintiff,

vs.

SUMMIT PLACE KIA MOTORS, INC.,

       Defendant.
_____/

Civil Action No.
14-CV-11873

HON. MARK A. GOLDSMITH

## **OPINION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT (Dkt. 8)**

Plaintiff Samantha Griffin filed this action against Defendant Summit Place Kia Motors, Inc. on May 9, 2014, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Plaintiff claims to have served Defendant on May 20, 2014 by mailing a copy of the summons and complaint, certified mail, return receipt requested, to Defendant's address. See Certificate of Service (Dkt. 3). When Defendant failed to respond, the clerk entered a default against Defendant (Dkt. 6). Plaintiff subsequently filed a motion for default judgment (Dkt. 8), and the Court held a hearing on July 24, 2014.

At the hearing, the Court questioned whether service by certified mail was a proper method for serving a corporation under the Federal and Michigan court rules. The Court granted Plaintiff an opportunity to submit a supplemental memorandum addressing this issue; the Court also advised Plaintiff to review the Court's past decision in Burniac v. Wells Fargo Bank, N.A., No. 13-12741, 2013 WL 6631582, at *2-4 (E.D. Mich. Dec. 17, 2013). Plaintiff filed her supplemental memorandum on August 4, 2014 (Dkt. 10). The memorandum cites no case authority whatsoever, nor does it address this Court's decision in Burniac.

It is well-established that default judgment is "inappropriate in the absence of service." See Washington v. Doe, No. 04-10352, 2008 WL 2045815, at *2 (E.D. Mich. May 12, 2008) (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991)). Therefore, the Court will review whether service was properly effectuated here.

In Burniac, this Court discussed whether service by mail upon a corporate defendant is proper. The Court noted that, under Federal Rules of Civil Procedure 4(e) and (h)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Burniac, 2013 WL 6631582, at *3. The Court highlighted that Michigan Court Rule 2.105(D) (service upon corporations) requires "serving" the Defendant, and that, "numerous courts have concluded that the rules' use of the term 'serving' requires personal service upon the listed [agent]; mailing the documents is insufficient." Id. In support of this proposition, the Court cited various cases from within this district. Id.

Plaintiff fails to address this authority. Rather, Plaintiff argues that the rules use the terms "serving," "delivering," and "sending" in "different instances," thereby suggesting that certified mail can suffice. Pl. Supp. Br. at 1-2. In support of this argument, Plaintiff relies on Michigan Court Rule 2.105(A), which allows process to be "served" on a resident or nonresident individual by (1) delivering a summons and a copy of the complaint to the defendant personally or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Therefore, Plaintiff claims that Michigan Court Rule 2.105(D)(1), which permits service of process on a domestic or foreign corporation by "serving a summons and a copy of the complaint on an officer or the resident agent," similarly includes "sending" the documents to the defendant by certified mail, return receipt requested. In

other words, Plaintiff claims that the term "service includes both <u>delivering</u> process personally, and <u>sending</u> process via registered or certified mail, unless stated otherwise." Pl. Supp. Mem. at 1 (emphasis in original). Plaintiff thus argues that service was effective under Rule 2.105(D)(1).

The Court rejects this argument. Just because Michigan Court Rule 2.105(A) (service upon individuals) includes "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested" as one permissible method of being "served" does not mean the term "serving" necessarily encompasses this method of service for all of the other service provisions. Indeed, the Court notes that Michigan Court Rule 2.105(D)(2) permits service of process upon a corporation by "<u>serving</u> a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and <u>sending</u> a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation." The fact that the rule uses both terms undermines Plaintiff's suggestion that "serving" necessarily encompasses "sending" by certified mail. See <u>State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.</u>, No. 05-74700, 2007 WL 127909, at *4 (E.D. Mich. Jan. 11, 2007) (concluding that the "deliberate distinction" between sections 2.105(D)(1) and (2) "suggests that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as synonymous with 'mailing'"); <u>Mosley v. Faurecia Automotive Seating, Inc.</u>, No. 08-10130, 2008 WL 1925051, at *3 (E.D. Mich. May 1, 2008) (Hluchaniuk, M.J.); <u>Kana Inv. Corp. v. F.D.I.C.</u>, No. 12-13689, 2013 WL 4029091, at *2-3 (E.D. Mich. Aug. 8, 2013).

As stated earlier, Plaintiff fails to cite any case authority in support of her position. On the other hand, numerous courts have concluded that service by mail alone upon a corporation as an initial form of service is not valid. See <u>Horton v. Chase</u>, No. 301814, 2012 WL 1521620, at *1 (Mich. Ct. App. May 1, 2012) ("A plaintiff may not use certified mail as an initial form of service

on corporate entities of any kind."); Bullington v. Corbell, 809 N.W.2d 657 (Mich. Ct. App. 2011) (rejecting service upon corporate defendant by certified mail because, "[w]ith regard to private corporations, the court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment"); Etherly v. Rehabitat Sys. of Mich., No. 13-11360, 2013 WL 3946079, at *1 (E.D. Mich. July 31, 2013) ("The Magistrate Judge correctly concluded that Michigan law does not permit service on a corporation by mail alone, certified, registered, or otherwise. Mailing must be accompanied by personal service of the agent."). Indeed, Plaintiff's argument regarding the use of "service" and "sending" has been repeatedly rejected. See, e.g., Mitchell v. Roosen Varchetti & Oliver, PLLC, No. 13-12257, 2013 WL 6181721, at *2-4 (E.D. Mich. Nov. 26, 2013) (Majzoub, M.J.) (collecting cases, and rejecting the plaintiff's argument that, when the rules use the term "serve," they do not require personal "deliver[y]").[1]

Therefore, because the Court concludes that Defendant has not been properly served, the Court denies Plaintiff's motion for default judgment (Dkt. 8). The Court reminds Plaintiff of the time limitations for service set forth in Federal Rule of Civil Procedure 4(m).

SO ORDERED.


Dated: August 5, 2014                     s/Mark A. Goldsmith
       Flint, Michigan                    MARK A. GOLDSMITH
                                          United States District Judge

---

[1] Furthermore, there is no evidence that the individual that signed for the delivery, Nicole Ventura, is Defendant's resident agent or officer. See Mich. Ct. Rule 2.105(D)(1).

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2014.

                                      s/Deborah J. Goltz
                                      DEBORAH J. GOLTZ
                                      Case Manager